**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No.: 13-cv-01611-REB-CBS

**SCHEEF & STONE, L.L.P., and GRADY DICKENS**,

      Plaintiff,

v.

**SUSANNA E. FOELS**,

      Defendants.

## AMENDED STIPULATED PROTECTIVE ORDER

Defendant Susanna E. Foels ("Foels"), Plaintiffs Scheef & Stone, L.L.P. and Grady Dickens ("Plaintiffs"), and non-party Ernst & Young LLP ("EY") (collectively, Foels, Plaintiffs and EY are hereinafter referred to as the "Parties," or each individually is referred to herein as a "Party") hereby stipulate to the terms of this Amended Protective Order ("Protective Order") and respectfully move the Court to enter an order in accordance therewith.

This Protective Order is designed to preserve the confidentiality of certain information contained in documents produced and certain testimony given by witnesses in this case. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is, by agreement of the Parties and pursuant to the Court's authority under the Federal Rules of Civil Procedure, STIPULATED AND ORDERED that:

    1.    This Protective Order shall apply to all documents, materials, and information including, without limitation, documents produced, answers to

01912358.1

interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, the term "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that contains confidential personal and/or financial information, trade secret information, or other such information that implicates privacy interests and is not generally known to the public.

4. CONFIDENTIAL information shall not be disclosed or used for any purpose except for use in the above-captioned litigation.

5. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this civil action;

    (b) persons regularly employed or associated with the attorneys actively working on this civil action whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this civil action;

    (c) the Parties to this Protective Order;

(d)     expert witnesses and consultants retained in connection with this civil action, to the extent such disclosure is necessary for preparation, trial or other proceedings in this civil action;

(e)     the Court and its employees ("Court Personnel");

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this civil action;

(g)     deponents; and

(h)     other persons by written agreement of the Parties.

6.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, Parties, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and shall obtain from such person a written acknowledgment, in the form of Exhibit A attached hereto, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by another Party to this Protective Order.

7.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" on all pages of the document.

8.     Whenever a deposition involves the disclosure of CONFIDENTIAL information that has been designated pursuant to this Protective Order, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record

during the deposition whenever possible, but a Party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all Parties within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A Party may object to the designation of particular CONFIDENTIAL information by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. With respect to information produced by EY, that EY designates CONFIDENTIAL, if the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, within 14 days thereafter it shall be the obligation of the Party objecting to the designation of such information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the Parties may mutually agree to destroy CONFIDENTIAL documents; provided, however, that counsel for each Party may retain one copy of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the Party that produced the documents.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

12. If any Party has obtained CONFIDENTIAL material pursuant to this Protective Order and, in the context of another court proceeding or investigation, receives a subpoena or other compulsory process commanding the production of such confidential material, that Party shall promptly notify the person or entity that is asserting the confidentiality of such material and shall object to its production pursuant to this Order. If any Party receives a motion to compel production of confidential material of any other person or entity, such Party shall advise the person or entity which submitted such confidential material and shall advise the court before which such motion is made of the existence of this Order. If a court nonetheless orders the production of information that is subject to this Protective Order, then production of such information pursuant to that court order shall not be deemed a violation of this Order. Nothing contained in this Paragraph is intended to indicate that any other court order would have priority over this Order. Moreover, nothing contained herein shall waive any Party's objection to the jurisdiction of the other court.

13. The obligation to maintain confidentiality pursuant to this Order shall continue after the conclusion of this action.

14. The Parties hereby agree that, should any document(s), materials or information designated as CONFIDENTIAL need to be filed with the Court, the filing of such documents shall be accompanied by a Motion to Restrict Access in accordance with D.C.Colo.LCivR 7.2, and the Party responsible for such filing should take such

other action as necessary to request that the CONFIDENTIAL document(s), material(s), and/or information be filed under seal..

DATED at Denver, Colorado, on January 21, 2014.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

STIPULATED BY:

*/s/ Burkeley N. Riggs*
Burkeley N. Riggs
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, CO 80202

*Attorneys for Defendant, Susanna E. Foels*

*/s/ Robert J. Zavaglia*
Robert J. Zavaglia, Jr.
TREECE ALFREY MUSAT P.C.
999 18th Street, Suite 1600
Denver, Colorado 80202

Mark J. Zimmermann
DEALEY, ZIMMERMANN, CLARK,
MALOUF & BLEND, P.C.
3131 Turtle Creek Blvd., Suite 1201
Dallas, Texas 75219

*Attorneys for Plaintiffs Scheef & Stone, L.L.P. and Grady Dickens*

*/s/ Sarah L. Lochner*
Sarah L. Lochner
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005

*Attorneys for Ernst & Young LLP*

## **EXHIBIT A**

## **WRITTEN ACKNOWLEDGEMENT TO STIPULATED AMENDED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he/she has carefully and completely read the Stipulated Amended Protective Order in the pending litigation between Scheef & Stone, L.L.P. and Grady Dickens and Susanna E. Foels; that he/she is one of the persons contemplated in Paragraph 5 of the Stipulated Amended Protective Order; and that he/she fully understands and agrees to abide by the obligations and confidences set forth in the Stipulated Amended Protective Order. The undersigned consents to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing this Stipulated Amended Protective Order.

Date: _____

_____
Signature

_____
Title or Position

_____
Printed Name

STATE OF _____  )
                                          ) ss.
COUNTY OF _____  )

Subscribed and sworn to before me by _____ on this _____ day of _____, 2014.

My commission expires: _____

_____
Notary Public

01912358.1

8